# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0643, <u>Michael Stringer & a. v. People's United Bank, N.A.</u>, the court on August 16, 2017, issued the following order:**

The plaintiffs' request in their reply memorandum of law that we strike the defendant's brief is denied.

Having considered the briefs, the reply memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Michael Stringer and Barbara Stringer (wife), appeal an order of the Superior Court (<u>Temple</u>, J.) declining to permanently enjoin foreclosure by the defendant, People's United Bank, N.A. (bank). We construe their briefs to contend that the trial court erred by: (1) finding that the bank's foreclosure notice met the requirements of RSA 479:25 (Supp. 2016); (2) finding that the wife was a mortgagor when she did not own the real estate, but executed the mortgage in order to waive her homestead interest, <u>see</u> RSA 480:5-a (2013); (3) finding that the bank had the right to foreclose when neither party had asked the trial court to determine, and the trial court had not determined, the balance owed under the mortgage; (4) allegedly misidentifying the main issue; (5) not finding that the bank failed to consider "the proposed settlement plan as an offer in compromise," allegedly "contrary to the [Small Business Administration's] existing protocols and standard operating procedures"; (6) finding that the bank "has not acted unreasonably or otherwise breached the duty of good faith and fair dealing"; and (7) finding that the plaintiffs had not "demonstrated the right to permanent injunctive relief."

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. <u>See</u> <u>id</u>.

Any remaining issues raised by the plaintiffs in their briefs either are not sufficiently developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), or

otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks and Lynn, JJ., concurred.

**Eileen Fox,**
**Clerk**